

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

December 1, 1972

Honorable Homer A. Foerster                Opinion No. M-1276
Executive Director
State Board of Control                     Re: Authority of a State agency
P. O. Box 13047, Capitol Station               occupying space in a State
Austin, Texas   78711                          office building on Board of
                                               Control inventory to expend
                                               specifically appropriated
                                               funds for certain space
                                               modifications under cir-
                                               cumstances stated, and re-
Dear Mr. Foerster:                             lated questions.

Your request for an opinion reads as follows:

"The Board of Control has performed certain
special office modifications for State agencies
occupying State office buildings on Board of
Control inventories.  These office modifications
were considered to be over and above normal re-
pairs, maintenance and improvements for general
occupancy.  The occupying agency, through Governor's
authority, transferred funds to the Board of
Control to pay for such special modifications.
The Attorney General's Opinion No. M-1199 has
held invalid the Governor's authority to make
such transfers.

"Inasmuch as the Board of Control receives
appropriations only for the normal maintenance
repairs and improvements required for general oc-
cupancy, no funds are available for providing
modifications peculiar to the special needs of
the programs of the occupying agency.

"Therefore, a formal opinion is respectfully
requested on the following questions:

"1.  Can a State agency occupying space in a
State office building on Board of Control inventory
expend specifically appropriated funds for certain
space modifications which are considered to be

-6264-

peculiar to the needs of that agency, necessary for the efficient performance of its program, and which are considered to be over and above normal building maintenance, repairs and improvements required for general occupancy?

"2. If the above question is answered in the affirmative, can the Board of Control be reimbursed for the actual cost of rendering services of employees, services of maintenance, and/or services of equipment to make such modifications through an interagency contract as authorized by Article 4413(32), V.C.S.?

"3. If Question Number Two (2) is answered in the affirmative, is the Comptroller thereby authorized to process vouchers and draw a warrant for the reimbursement for the actual cost of services in accordance with the interagency contract?

"In regards to Question Number One (1), reference is made to Article 673, V.C.S. wherein the responsibility of providing improvements and repairs is clearly within the Board of Control's authority. Reference is made also to Article 678f, V.C.S., Section 2, Paragraph (A), which in effect prohibits occupying agencies from making such modifications except through the State Board of Control as the 'Using Agency.' Reference is also made to Article 4413(32), V.C.S. Section 3 and Section 6. In this regard, reference is made to Attorney General's Opinion No. C-78 (May 15, 1963) and Opinion No. M-695 (September 14, 1970).

"Specific examples of the office modification required for agency programs are enumerated as follows: (1) Agency obtains computer equipment which requires additional air conditioning handling units. The Board of Control is called upon to provide and install these extra air conditioning units. (2) Agency personnel expansion resulting from new programs requiring modifications in office layout, requiring relocation, removal and/or additional partitions to provide more efficient program functioning. (3) Agency installation of sophisticated mechanical equipment requiring special electrical service for proper functioning.

".  .  .  ."

In Attorney General's Opinion M-1274 (1972) it was held:

"The State Department of Public Welfare may contract with the State Building Commission and the Board of Control for the renovation of the fifth floor of the John H. Reagan State Office Building, for the renovation of other portions of that building to accomodate the installation of computers and other equipment, and for the improvement of the defective elevator system currently in use in that building."

It was pointed out in this opinion that the Legislature has provided that when improvements or repairs are needed in the proper care of State-owned buildings maintained by the Board of Control, the Board shall provide for such repairs or improvements. Articles 678f, 673 and 665, Vernon's Civil Statutes.

Section 3 of Article 678m, Vernon's Civil Statutes, provides:

"The Commission shall have the authority to promulgate such rules and regulations as it deems proper for the effective administration of this Act.  Under such terms and conditions as may be provided by law, the Commission may acquire necessary real and personal property, modernize, remodel, build and equip buildings for State purposes, and make contracts necessary to carry out and effectuate the purposes herein mentioned in keeping with appropriations authorized by the Legislature.  Provided, however, that the Commission shall not sell or dispose of any real property of the State, except by specific authority from the Legislature."

Section 3 of Article 4413(32), Vernon's Civil Statutes, provides in part:

"Any state agency may enter into and perform a written agreement or contract with other agencies of the state for furnishing necessary and authorized special or technical services, including the services of employees, the services of materials, or the services of equipment.  . . ."

The provisions of Article 678m and 4413(32) above quoted must be construed together with the statutory powers of the Board of Control to provide for the proper care and maintenance of State-owned buildings maintained by the Board of Control.

As pointed out in your request, the Legislature in making appropriations to the Board of Control for the proper care and maintenance of buildings under its management and control, does not contemplate major renovations that may be necessary for the proper utilization of office space by the occupying agency. In certain instances this may be accomplished through the State Building Commission under the authority granted to it by the provisions of Article 678m, Vernon's Civil Statutes, and in other instances it may be accomplished through interagency agreements entered into by the Board of Control under the provisions of Article 4413(32), Vernon's Civil Statutes.

In view of the foregoing your questions are answered as follows:

Question 1.  A State agency occupying space in a State office building under the management and control of the State Board of Control may expend appropriated funds for certain space modifications which are considered to be peculiar to the needs of that agency necessary for the efficient performance of its program and which are considered to be over and above normal building maintenance, repairs and improvements required for general occupancy.

Questions 2 and 3.  This may be accomplished by the occupying agency and the Board of Control entering into an interagency agreement pursuant to the provisions of Article 4413(32), Vernon's Civil Statutes.

### S U M M A R Y

A State agency occupying space in a State office building maintained and controlled by the Board of Control may expend specifically appropriated funds for certain space modifications which are necessary to the peculiar needs of that agency necessary for the efficient performance of its program and which are considered to be over and above normal building maintenance, repairs and improvements required for general occupancy, and such agency may enter into an interagency contract with

Hon. Homer A. Foerster, page 5      (M-1276)


the Board of Control for such purpose.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
John Banks
J. C. Davis
Roland Carlson
Harry Green

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant